IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MANDINGO BOOBYYAA,
a/k/a KEITH LAMONT MASON,
Inmate No. 250833,
     Plaintiff,

vs.                          Case No.: 5:13cv77/RS/EMT

KENNETH TUCKER, et al.,
     Defendants.
_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida Department of Corrections housed at Jackson Correctional Institution ("Jackson C.I."), commenced this 42 U.S.C. § 1983 action on March 19, 2013 (doc. 1). He also filed a motion to proceed in forma pauperis (doc. 2).

Title 28 U.S.C. § 1915(g), the "three strikes" provision of the Prison Litigation Reform Act, prohibits a prisoner from proceeding in forma pauperis under certain circumstances. That provision provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See* Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the

prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).  The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004).

The court takes judicial notice that Plaintiff has been declared a "three striker" by this court. See Mason v. Moore, No. 4:99cv477/WS/WCS (N.D. Fla. Jan. 4, 2000), Docs. 2, 3; Mason v. State of Florida, No. 4:99cv5/RH/WCS (N.D. Fla. Feb. 8, 1999), Docs. 6, 7.[1]  Therefore, Plaintiff may not proceed in forma pauperis in the instant case, unless he qualifies under the "imminent danger of serious physical injury" exception of § 1915(g).

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis.  According to the Eleventh Circuit, in Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury."  Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true.  See id.; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," id., and vague allegations of harm and unspecific references to injury are insufficient.  White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998).  A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in

---

[1] The inmate number of the plaintiff in those cases (#250833) is the same as Plaintiff's.

administrative confinement prior to filing of his complaint); *see also* <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant case, Plaintiff names as Defendants the former Secretary of the Florida Department of Corrections, six employees at Jackson C.I., and the medical department at Jackson C.I. (doc. 1 at 1, 2–3).[2] Plaintiff alleges that on January 22, 2013, Defendants Cloud, Holland, and Roulhac told him to stop writing grievances against them and their subordinates, or they would "show him to make him understand what [they] was [sic] talking about" (*id.* at 17). Plaintiff alleges that on the next day, January 23, 2013, Defendant Merrit informed him that Defendants Cloud, Holland, and Roulhac instructed him to "gas and strip" Plaintiff, meaning, apply chemical agents and strip Plaintiff of all items in his cell (*id.* at 17–19). Plaintiff alleges Defendant Jones pretended that Plaintiff was creating a disturbance and sprayed a large can of chemical agent into his cell three times (*id.* at 19–21). Plaintiff alleges he was temporarily blinded in both eyes, unable to breathe, and that his skin was burned (*id.*). Plaintiff alleges Defendants Jones and Merrit then escorted him to the shower, where he received a cold shower and a change of clothes (*id.* at 20–21). He states he was seen by a nurse and complained of burning skin and blindness, but the nurse ignored his complaints (*id.* at 21). Plaintiff alleges Defendants Jones and Merrit escorted him to an empty cell with no mattress, pillow, or clothing (*id.* at 21). He alleges he was forced to sleep on a bare, steel metal bunk naked for three (3) days in cold temperatures (*id.* at 21–22). Plaintiff further alleges that on January 24, 2013, after the first night of sleeping on the metal bunk, he experienced a sharp pain in his lower back (*id.* at 23). He alleges he requested medical attention, but his request was denied (*id.*). Plaintiff alleges that on January 25, 2013, Defendant Cloud and Holland approached his cell and told him never to file grievances or "something even worser [sic] will happen . . . that he may not survive" (*id.* at 24–25).

---

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

Next, Plaintiff alleges that on January 26, 2013, he submitted a sick call request for his lower back pain (doc. 1 at 29). He alleges he was seen by a nurse on January 28, 2013, but the nurse did not provide any treatment (*id.*). He alleges he submitted another request on January 28, 2013, but it was denied on January 30 (*id.* at 29–30). He alleges he submitted another sick call request, and on February 1, 2013, a nurse provided ibuprofen for pain (*id.* at 30). He alleges he submitted another sick call request on February 5, but it was denied on February 7 (*id.*). He alleges he submitted another sick call request on February 8, and was taken to the medical department on February 13, but the ARNP did not examine or treat him, and she told him there was nothing she could do for him (*id.*). Plaintiff alleges he submitted sick call requests on February 15 and 20, but a nurse advised him not to submit any more requests, because a doctor would not examine him, and he would not receive any treatment (*id.* at 31). Plaintiff alleges he submitted sick call requests on February 24, and March 1, 2013, and a nurse gave him ibuprofen each time (*id.*). Plaintiff alleges his back has still has not been examined by a doctor (*id.* at 32). He alleges he filed grievances regarding the use of chemical agents, his placement on "strip" status for three days, and the denial of medical treatment, but the grievances were denied (*id.* at 32–34). He alleges he still suffers sharp pain in his lower back (*id.* at 35).

Plaintiff asserts that Defendants' conducted violated his rights under the Fifth, Eighth, and Fourteenth Amendments (doc. 1 at 38–43). As relief he seeks compensatory and punitive damages, a declaratory judgment, and injunctive relief (*id.* at 44–51).

Plaintiff's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest that he is under imminent danger of serious injury. Plaintiff has not shown that the threats of retaliation, use of chemical agents, and placement on "strip" status, which occurred in two months prior to Plaintiff's filing the instant complaint, present an existing threat of serious physical injury to him. Further, his allegation that he has not received medical treatment for his lower back pain is insufficient to show the type of emergency circumstances contemplated by the "imminent danger of serious physical injury" exception of § 1915(g). He admits he has occasionally received ibuprofen to treat his pain. Further, he has not shown that his physical

condition is likely to deteriorate rapidly, or that he otherwise faces serious health consequences if his complaint of inadequate treatment is not immediately addressed.[3]

Because the facts do not suggest that Plaintiff's current conditions of confinement pose an imminent threat of serious physical injury, he does not qualify under the imminent danger exception to § 1915(g).  Accordingly, he may not proceed in forma pauperis. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice.  *See* Dupree, 284 F.3d at 1236; Vanderberg, 259 F.3d at 1324.

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (doc. 2) is **DENIED**.

And it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

At Pensacola, Florida, this 29th day of March 2013.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[3] The court notes that documents Plaintiff submitted with his complaint suggest his back pain existed prior to January 24, 2013, but was exacerbated by his sleeping without a mattress on that date.

Case No.: 5:13cv77/RS/EMT